UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 401(K) TRUST FUND, By and Through Its Board of Trustees; and<br><br>PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS,<br><br>    Plaintiffs,<br><br>v.<br><br>LONG CONSTRUCTION SERVICES, INC.,<br><br>    Defendant. | Cause No. 18-532 |

## COMPLAINT

COME NOW Plaintiffs PAINTERS DISTRICT COUNCIL #58 401(K) TRUST FUND, and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, by undersigned Counsel, and for their Complaint against Defendant LONG CONSTRUCTION SERVICES, INC., state as follows:

### Parties

1. Plaintiff PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND (hereinafter "401(k) Plan") is an employee benefit plan within the meaning of §§ 3(1) and (3), 502 and 515 of ERISA, as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Plaintiff 401(k) Plan's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. Plaintiff 401(k) Plan is administered by its Board of Trustees, and receives and processes employer contributions in Collinsville, Illinois, within the territorial jurisdiction of this Court.

3. Plaintiff PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS (hereinafter "District Council Funds") are certain collectively-bargained fringe benefit funds. Plaintiff 401(k) Plan acts as the authorized collection agent, including receiving and processing employer contributions in Collinsville, Illinois, within the territorial jurisdiction of this Court.

4. Contributions to the District Council Funds are received and processed on behalf of the District Council Funds by the 401(k) Plan in Collinsville, Illinois, within the territorial jurisdiction of this Court.

5. Together, Plaintiffs shall be referred to as the "Plaintiff Funds," or "Plaintiffs."

6. Defendant LONG CONSTRUCTION SERVICES, INC. ("Defendant," or "Long Construction"), is an Illinois general business corporation, maintaining its principal place of business in Danville, Vermilion County, Illinois.

7. Long Construction is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145; and within the meaning of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. § 152(2), (6) and (7).

**Jurisdiction and Venue**

8. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Plaintiff Funds' Trustees are fiduciaries who seek to enforce the provisions of the Plaintiff Funds; and pursuant to § 301 of the LMRA, 29 U.S.C. § 185, in that the Plaintiff Funds' Trustees are also suing to enforce a collective bargaining agreement, or agreements.

9. This Court has personal jurisdiction over Long Construction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

10. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts Common to All Counts

11. At all times relevant to Plaintiffs' Complaint, Defendant is, and/or was, and/or has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters' District Council #58, affiliated with the International Union of Painters and Allied Trades.

12. Defendant is further signatory to one or more Participation Agreement(s) ("Participation Agreement(s)") with the Plaintiff Funds, pursuant to which Defendant agreed to acknowledge, recognize and be bound by the terms of the Trust Documents establishing the Plaintiff Funds.

13. The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) require Long Construction to submit reports of hours worked by its employees working under the terms of the Agreement(s), to make certain contractually-required deductions from employee wages and to pay monetary contributions to the 401(K) Plan; Finishing Trades Institute ("FTI"); Labor Management Cooperative Initiative ("LMCI"); Safety Training Awards Recognition ("STAR"); Central Illinois Drug Fund/Southern Illinois Drug Fund ("CIDF/SIDF"); Hourly Dues Check-off; and Working Assessment at specified hourly rates related to hours worked by its employees within the jurisdiction of the District Council.

14. Long Construction has, at times both before and after the time of the events giving rise to this Complaint, reported and paid contributions to Plaintiffs at Collinsville, Illinois, within the territorial jurisdiction of this Court.

15. Signatory contractors, such as Long Construction, are required to report and pay fringe benefit contributions to the Plaintiff Funds by the 15th of each month related to hours worked during the previous month.

16. If a signatory contractor, such as Long Construction, does not timely report and pay fringe benefit contributions, in addition to the fringe benefit contribution liability, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) provide the contractor shall be liable for Liquidated Damages in the amount of twenty percent (20%) of contributions due.

17. In the event of litigation to collect a fringe benefit delinquency, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and/or ERISA provide the contractor shall be liable for interest. Interest is due at the rate of 4% per month, compounded monthly.

18. In the event of litigation to collect a fringe benefit delinquency, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and/or ERISA provide the contractor shall be liable for the Plaintiff Funds' attorneys' fees and costs.

## COUNT I

## (AUDIT LIABILITY DUE)

## (ALL PLAINTIFFS)

COME NOW Plaintiffs, by undersigned Counsel, and for Count I of their Complaint against Long Construction Contractors, Inc., state as follows:

19. Plaintiffs restate and reincorporate paragraphs 1 through 18 of their Complaint as if fully set forth herein.

20. The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) authorize the Trustees of the Plaintiff Funds to conduct payroll compliance examinations/audits of employers such as Long Construction.

21. In 2017, Long Construction was audited for the period of August 1, 2012 through April 30, 2017 ("Audit").

22. The Audit resulted in a finding of contributions due to the Plaintiff Funds in the amount of $40,516.29. *See*, **Exhibit A.**

23. Demand was made upon Long Construction to pay the liability found due, but Long Construction failed and refused to pay.

24. The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) provide that as a result of incurring the Delinquency, Long Construction is liable for Liquidated Damages in the amount of twenty percent (20%), or $8,103.26.

25. The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) provide that as a result of incurring the Delinquency, Long Construction is liable for interest in the amount of at least $1,970.97, or a different and greater an amount of be proven at trial.

26. The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) provide that as a result of incurring the Delinquency, Long Construction is liable for Plaintiffs' audit costs in the amount of $1,204.73. *See*, **EXHIBIT B**.

27. The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) provide that as a result of incurring the Delinquency, Long Construction is liable for Plaintiffs' attorneys' fees and costs.

28. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a. Enter Judgment for Plaintiffs Painters District Council #58 401(K) Trust Fund and Painters District Council #58 Fringe Benefit Funds and against Defendant Long Construction Contractors, Inc.;

b. Enter an Order awarding Plaintiffs $40,516.29 in delinquent fringe benefit contributions;

c. Enter an Order awarding Plaintiffs Liquidated Damages in the amount of $8,103.26;

d. Enter an Order awarding Plaintiffs interest in the amount of $1,970.97, or a different and greater amount to be proven at trial;

e. Enter an Order awarding Plaintiffs their audit costs in the amount of $1,204.73;

f. Enter an Order awarding Plaintiffs their attorneys' fees and costs;

g. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

h. Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

## (ALL PLAINTIFFS)

COME NOW Plaintiffs, by undersigned Counsel, and for Count II of their Complaint against Long Construction Contractors, Inc., state as follows:

29. Plaintiffs restate and reincorporate paragraphs 1 through 18 and 19 through 28 of Count I of their Complaint as if fully set forth herein.

30. Plaintiffs believe Defendant has failed to fully report and pay contributions for various months since the completion of the Audit.

31. Since Defendant has failed to submit all required fringe benefit remittance reports, the full amount of fringe benefit contributions and other amounts due is not known.

32. Plaintiffs have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant is ordered to submit to all outstanding fringe benefit remittance reports.

33. Plaintiffs are further entitled to an award of the contributions determined to be due as evidenced by the remittance reports, along with Liquidated Damages, interest, attorneys' fees and costs.

34. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

    a. Enter Judgment for Plaintiffs Painters District Council #58 401(K) Trust Fund and Painters District Council #58 Fringe Benefit Funds and against Defendant Long Construction Services, Inc.;

b. Enter an interlocutory Order that Defendant Long Construction Services, Inc. submit all outstanding fringe benefit remittance reports;

c. Enter an Order awarding Plaintiffs any and all contributions determined to be due as evidenced by said remittance reports;

d. Enter an Order awarding Plaintiffs Liquidated Damages;

e. Enter an Order awarding Plaintiffs appropriate pre- and post-judgment interest;

f. Enter an Orders for temporary, preliminary and permanent injunctive relief that Defendant be required to timely report and pay contributions going forward;

g. Enter an Order awarding Plaintiffs their attorneys' fees and costs;

h. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

i. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

Cavanagh & O'Hara LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(681) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com